UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CHAD MICHAEL GARNER, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Hon. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MADISON HEIGHTS, | ) | |
| COREY HAINES, AND | | |
| JEFF LEWIS, RICK ZAMOJSKI, | | |
| JUSTIN HOLLAND, AND JOHN DOE. | | |
| Defendants. | | |

CHARLES E. DUNN, PLC
By:  Charles E. Dunn (P54791)
Attorney for Plaintiff
P.O. Box 230
Clarkston, MI 48347
(248) 807-6284
charlesedunnplc@gmail.com

**COMPLAINT FOR CONSTITUTIONAL VIOLATIONS,
DECLARATORY AND INJUNCTIVE RELIEF, AND JURY DEMAND**

Plaintiff Chad Michael Garner ("Plaintiff"), by and through his attorney, Charles E.

Dunn, PLC, states for his Complaint as follows:

1.     This is a civil action arising under 42 U.S.C. § 1983 and common law

avenues of recovery for deprivations of Plaintiff's constitutional rights against

Defendants.

2.     Plaintiff also seeks a declaratory judgment that all state court orders

regarding his dog, including an order to euthanize the dog from the 43rd Judicial District Court, City of Madison Heights, State of Michigan, Case Nos. 2020 MH 067215 GZ, are void as to Plaintiff because Plaintiff is an owner of dog Tank ("Dog" or "Tank") and was not a party to the action seeking to destroy the Dog.

3.     Plaintiff also seeks preliminary and permanent injunctive relief to prevent the Dog's euthanasia and prohibit further seizure while these claims are pending.

4.     Plaintiff brings this action against the City of Madison Heights, located in Madison Heights, Michigan.

5.     Plaintiff brings this action against Defendant Cory Haines in his individual capacity.

6.     Plaintiff brings this action against Defendant Jeff Lewis in his individual capacity.

7.     Plaintiff brings this action against Defendant Rick Zamojski in his individual capacity.

8.     Plaintiff brings this action against Defendant John Doe in his/her individual capacity and official capacity.

9.     Plaintiff brings this action against Defendant Justin Holland in his individual capacity.

**JURISDICTION**

10.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367(a),

1341 and 2201.

## VENUE

11.     Venue is proper under 28 U.S.C. § 1391(b).

12.     The incidents that give rise to this suit all occurred in Madison Heights, Michigan, which is situated in Oakland County, Michigan.

13.     Defendant City of Madison Heights ("City") is an agency of a political subdivision of the State of Michigan acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action.

14.     Upon information and belief, Defendant Corey Haines ("Haines") is the Chief of Police for City as well as the Deputy City Mayor of Madison Heights, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action

15.     Upon information and belief, Defendant Jeff Lewis ("Lewis") is a public safety officer employed by Defendant City, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

16.     Upon information and belief, Defendant Rick Zamojski ("Zamojski") is a public safety officer employed by Defendant City, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

17.     Upon information and belief, Defendant, Justin Holland ("Holland") is a

public safety officer/animal control officer employed by Defendant City, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action

## COLOR OF STATE LAW

18.     At all times relevant herein, Defendants acted under color of State law.

## FACTUAL BACKGROUND

19.     On July 3, 2020, Plaintiff Garner co-owned dog Tank with non-party Cassandra Pryzybylo.   Plaintiff Garner was the initial owner and finder of dog Tank. Plaintiff also co-owned dog Capone ("Capone") with non-party Cassandra Pryzybylo.

20.     Tank and Capone lived under Plaintiff's care at his home up until they were illegally seized on July 3, 2020.

21.     On July 3, 2020, it was alleged that only dog Tank attacked another dog allegedly causing its death.  Neither dog Tank or dog Capone attacked or bit any person. Dog Capone was not alleged to have harmed the alleged deceased dog in any manner. Defendant Zamojski's report is clear that there was no human attack by either dog; dog Capone did nothing; and again, dog Tank allegedly killed another dog who died at the scene with no attack or bite on any human.  Despite this, both dogs, without a warrant or court order were seized by Defendant Lewis and/or Defendant Zamojski.

22.     On, or about, July 9, 2020, Defendant Haines, without performing any independent investigation, attested that dog Tank was a dangerous animal for violations of state law i.e., MCL 287.286a and MCL 287.322, and that non-party Cassandra

Pryzybylo was the owner of dog Tank.  Defendant Haines attested to only one owner despite City's/Defendant Zamojski's report that he attached to his Complaint that dog Tank was owned by non-party Cassandra Pryzybylo and Plaintiff Garner.  "Winters states that an unknown male and female, later known as the owners of both pit bulls/Pryzybylo and Gardner got control of both dogs and brought them back to their house." City/Defendant Zamojski's Police Report, p. 5.  The report further notes that dog Tank was originally acquired by Plaintiff Garner, not non-party Cassandra Pryzybylo.

23.     Defendant Haines used a Michigan Supreme Court form for Michigan state law, not a municipal ordinance.  Defendant Haines admitted under oath that his investigation with limited to hearsay documents i.e., the police report and witness statements.  Defendant Haines admitted under oath that he did not talk to any witnesses; he did not go to the scene of the incident; and he did not call or talk to Mr. Garner or Ms. Pryzybylo.  Defendant Haines never did any independent investigation or have any first-hand knowledge of the situation.  Defendant Haines testified that he does not believe he needs personal knowledge to sign a "sworn" civil complaint.

24.     Defendant Haines at the time was in addition to the aforementioned positions also in command of and having jurisdiction over the animal control pursuant to his testimony under oath on August 31, 2021.

25.     MCL 287.286a, *et seq*., requires that all owners be served with the summons. MCL 287.280.

26.     MCL 287.286a falls within the Dog Law of 1919, being MCL 287.261 *et*

*seq.*, and owner is defined as: "'[o]wner' when applied to the proprietorship of a dog means every person having a right of property in the dog, and every person who keeps or harbors the dog or has it in his care, and every person who permits the dog to remain on or about any premises occupied by him."

27.    MCL 287.286a requires that a complaint be "sworn" prior to jurisdiction vesting.

28.    MCL 287.322 requires that all owners be served with a summons.

29.    MCL 287.322 requires that a complaint be "sworn" prior to jurisdiction vesting.

30.    MCL 287.321 defines owner "a person who owns or harbors a dog or other animal."

31.    On July 8, 2020, Defendant Haines' attestation was governed by MCR 1.109(D)(3) [Verification].  Despite these requirements and that Defendant Haines knew Plaintiff was an owner, Defendant Haines attested that there was only one owner (non-party Cassandra Pryzybylo) and Plaintiff Garner therefore was not a named party, he was not issued a summons, and Plaintiff Garner was not provided a hearing.

32.    As a co-owner, Plaintiff is a necessary party in any proceeding affecting Plaintiff's dogs because the dogs are Plaintiff's property.  MCR 2.205; MCL 287.286a; MCL 287.322.

33.    The show cause hearing was held, Cassandra Pryzybylo, being the only owner named.  Plaintiff Garner was subpoenaed by City's prosecuting attorney to testify,

6

Plaintiff Garner appeared at court, and the City then refused to call him as a witness.

34.     Dog Tank was ordered euthanized without Plaintiff Garner being named as a defendant.   Subsequent appeals have ensued, and Defendant City never included Plaintiff Garner.

35.     Based upon Defendant Haines' attestation, dog Tank was ordered to be turned over to a facility pursuant to MCL 287.322(2).   This Order was entered approximately 6 days after the original illegal seizure occurred.  The ability for non-party Cassandra Pryzybylo to turn the dog over was then further refused by Defendant Justin Holland and never afforded at all to Plaintiff Garner.

36.     Defendants, at all pertinent times, were municipal employees.  The action against non-party Cassandra Pryzybylo was brought by the City's prosecuting attorneys under state law, not the municipal ordinance.  Non-party Cassandra Pryzybylo appealed the decision to the circuit court which affirmed.  Neither the Michigan Court of Appeals nor Michigan Supreme Court granted her Application for Leave.

37.     Plaintiff Garner's rights and the allegations contained herein have not been adjudicated in any of the prior hearings.   None of the allegations contained herein have been adjudicated.

38.     As an owner of the Dogs, Plaintiff is a necessary party in any proceeding affecting the Dogs because the Dogs are Plaintiff's property.  MCR 2.205.  See also, *Reinecke v Sheehy*, 47 Mich App 250, 255 (1973).  Personal jurisdiction is required.  See also, MCL 287.286a; MCL 287.322.

39.    Plaintiff's dog Tank remains illegally seized by Defendant City as of the date of this filing.  Defendant City, Haines and Holland are attempting to euthanize dog Tank themselves without any court order allowing them to do it against Plaintiff Garner nor without any order allowing them to do it against non-party Cassandra Pryzyblo.

40.    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT

41.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

42.    As a general matter of due process, there is no right to take property without due process. *Fuentes v. Shevin*, 407 U.S. 67, 890-81 (1972).

43.    The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing or destroying or seizing a citizen's property.  "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

44.    "[T]here is a constitutional right under the Fourth Amendment to not have

one's dog unreasonably seized." *Brown v. Battle Creek Police Department,* 844 F.3d 556, 566 (6th Cir. 2016).

45.   Michigan law makes clear that the owners retain a possessory interest in their dogs.   *Smith v. City of Detroit*, 751 F. App's 691, 696 (6th Cir. 2018)

46.   Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005) (holding that defendant police's shooting of plaintiff's dogs was an unreasonable seizure).

47.   The emotional attachment to a family's dog is not comparable to a possessory interest in furniture.  *Id*.

48.   Indeed, Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of his Dogs "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

49.   Defendants' acts described herein were objectively unreasonable.

50.   Defendants' seizure of both Dogs on July 3, 2020 had no basis in law. Defendant Haines admitted under oath that Defendants did not have a warrant to take the dogs into custody and that "eventually we got- - part of the order initially to take Tank into custody."  Dog Tank was in custody prior to Defendants obtaining any order against dog Tank.

51.   On, or about, July 9, 2020, when Defendant City and Defendant Haines achieved a "turn over" order for dog Tank against non-party Cassandra Pryzyblo, only,

dog Tank was already illegally in Defendant City of Madison Heights possession, custody, and control. Due to Defendant Haines' false attestation, no summons was issued to Plaintiff Garner and the order to turn over did not include any order against Plaintiff Garner. Further, the "turn over" options pursuant to MCL 287.322(2) were denied to Plaintiff Garner, as, again, no summons or order issued to him because of Defendant Haines false attestation.

52. Under oath, Defendants admitted that there was never a warrant for either dog. An order to "turn over" dog Tank to a facility at the owner's option was achieved later, and while Plaintiff Garner was identified as the owner in the police report, he was never provided notice and an opportunity for a hearing as Defendant Haines did not identify him as an owner/respondent/defendant although Defendant Haines in fact knew he had an ownership interest.

53. The dog continues to be seized without any summons, order to "turn over," or "turn over" options being provided to defendant Garner. The dog is ordered to be euthanized subject to a stay pending appeal in State court, yet Defendant Holland continues to try to confirm the dog's location to pick it up to kill it even though none of the Defendants are authorized under any order to kill dog Tank.

54. Defendants' achieved their orders through the state statutory scheme which does not afford the city through its prosecutor the ability to prosecute anything but an ordinance violation. MCL 761.1r. In achieving this goal, Defendants' City and Haines, manipulated the Michigan Supreme Court Dangerous Animal Order (SCAO) form to

provide for a "city" to tax costs when the SCAO followed MCL 287.286a which only allows a county to do same.

55. Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous indifference to Plaintiff's constitutional rights.

56. Defendants' actions were unreasonable under the totality of the circumstances and therefore constituted an unreasonable seizure under the Fourth Amendment.

57. No governmental interest justifies the intrusion involved in this case.

58. The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994).

59. As a direct and proximate cause of Defendants' unlawful seizure of the Plaintiff's dogs, Plaintiff has suffered and continues to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations. *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiffs' dog).

**Compensatory Damages**

60. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

11

**Punitive Damages**

61.     Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

62.     Plaintiff is entitled to an award of punitive damages against Defendants, in order to punish them and to deter others.

**Attorney's Fees**

63.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT**
**PROCEDURAL DUE PROCESS**

64.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

65.     The Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, sect. 1, cl. 3.

66.   To establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights.  See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

67.   Plaintiff has a protected property interest in both his dogs. MCL 287.286a; MCL 287.321, *et seq., Brown*, *supra*., *Smith*, *supra*. "The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments." *Fuentes v Shevin*, 407 U.S. 67, 81-82, 92 S. Ct. 1983, 1994-95 (1972).

68.   Defendant Haines admitted under oath that Plaintiff Garner was identified in the police report as an owner.

Q:  Okay.  Well, the police report said that Mr. Garner and Miss Przybylo owned the dogs, isn't that correct, sir?

A:     Correct.

69.   Defendant Zamojski testified that both Plaintiff Garner and non-party Cassandra Pryzybylo were owners and that Plaintiff Garner saved the dogs:

Q:     And [Cassandra Pryzybylo] identified herself to you as the owner of one of the dogs that- -Tank on that day, correct?

A:     She identified herself as one of the owners.   And I believe her boyfriend, Mr. Gardner, as another one of the owners.

.   .   .   .

Q:    Did she tell you how she obtained the dogs?

A:    Yes, she stated that - - I believe her boyfriend, I believe it's Mr. Gardner [SIC], saved the dogs from an unknown location in Detroit from an unknown person.

70.    Plaintiff's protected property interest in his dogs has been denied due to, whether individually and/or collectively, the illegal seizure on July 3, 2020, the subsequent void orders as to him, the restraint on property without Plaintiff being provided process, and now, ultimately an order to destroy dog Tank without due process to Plaintiff Garner.

71.    Defendants seized Plaintiff's dogs, held a hearing and pursued a case without Plaintiff.  There is no adequate post-deprivation remedy.

72.    Therefore, Plaintiff has a constitutionally protected interest that is being affected as a direct and proximate cause of Defendants' actions of seizing property with a court order and achieving subsequent orders without him included as Respondent.  As a direct and proximate cause of Defendants' actions, Plaintiff has been and continues to be damaged.

## Compensatory Damages

73.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Punitive Damages

74.    Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would

violate federal law.

75.    Plaintiff is entitled to an award of punitive damages against Defendants, in order to punish them and to deter others.

### Attorney's Fees

76.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III
### POLICY AND CUSTOM LIABILITY

77.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

78.    All of the Defendants were aware of Plaintiff's ownership interests and admitted as much during the underlying proceedings.  Defendant City and/or Defendant Haines subpoenaed Plaintiff Garner to appear at the hearing and while he was in the courtroom did not have him testify.

79.    In unrelated, yet similar circumstances which took place prior to the circumstances of the underlying state case, Defendants have seized animals without

warrant(s) and/or a valid warrant exception, and have not included all owners in those dangerous animal proceedings.

80.     Defendant City's actions and/or inaction demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the state and federal system, including the Federal Sixth Circuit Court of Appeals.

81.     Defendant City has a policy indicating a deliberate course of action of not providing for federal constitutionally mandated pre-seizure and post-seizure detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a and/or MCL 287.321, *et seq.*

82.     Defendant City failed to train and supervise its attorneys and police officers to provide for federal constitutionally mandated pre-seizure and post-seizure detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a and MCL 287.321, *et seq.*

83.     Defendant Haines is an official with decision-making authority and decided and/or ratified the illegal seizure/detention and prosecution related to Plaintiff's dogs and then dog Tank only without lawful authority and without providing Plaintiff process related to the proceeding under MCL 287.268a and MCL 287.321, *et seq.*

84.     Defendant City has a custom of tolerance or acquiescence in not providing for federal constitutionally mandated pre-seizure and post-seizure detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a and MCL 287.321, *et seq.*

85.     Defendant City's policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

86.     As a direct and proximate cause of Defendant City's policy and custom, Plaintiff's constitutional rights have been and continue to be violated and have caused Plaintiff to be damaged.

## Compensatory Damages

87.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Attorney's Fees

88.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

89.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

90.     M.C.R. 2.205 provides that: "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render

complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests."

91.     Adjudication of property without joinder of such necessary parties is void. *Reinecke v. Sheehy*, 47 Mich. App. 250, 255 (1973) (judgment void against party not served); *Markstrom v. United States Steel Corporation*, 182 Mich. App. 570, 574 (1989), *rev'd on other grounds*, 437 Mich. 936 (1991) (settlement not binding on owner not joined as necessary party).

92.     Plaintiff was not joined in the underlying district court case which was a violation of M.C.R. 2.205, M.C.L. 287.286a; MCL 287.322.   Plaintiff Garner was identified as an owner by the investigating officers.

93.     Because of, *inter alia*, the failure to join Plaintiff as a necessary party, any and all orders in the case against the dog Tank are void against Plaintiff.  *Reinecke*, 47 Mich. App. at 255.

94.     The order to euthanize must be enjoined on a temporary and permanent basis otherwise irreparable harm will occur.

95.     MCL 287.286a contains no provision allowing the district court to seize either dog then individually dog Tank prior to a hearing, during the pendency of a case, or while on appeal, rendering the on-going illegal seizure constitutional violative, constituting a showing of irreparable harm warranting the enjoining of further detention.

96.   MCL 287.321, *et seq*., provides no authority to seize Plaintiff's dogs without a court order after a sworn complaint is filed and summons issues to all owners.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

CHARLES E. DUNN, PLC

By:  /s/ Charles E. Dunn
_____
Charles E. Dunn (P54791)
Charles E. Dunn, PLC
P.O. Box 230
Clarkston, MI 48347
(248) 807-6284

June 28, 2023